ROURKE a. DUFFY.

*New York Common Pleas ; General Term, December,* 1862.

DEFENCES.—PROMISE TO PAY ON AFFIDAVIT BEING MADE.

Where, upon a claim being disputed, the claimant offers to be satisfied if the other party will swear that nothing is due, and the latter makes an affidavit to that effect, such affidavit is a bar to an action upon the claim, irrespective of its truth.*

It is not necessary, in such case, that the affidavit should be given up to the claimant. A mere inspection of it is all to which he is entitled.

Appeal from the Eighth District Court.

The action was brought to recover the difference between 78 and 84 cents per cubic yard, on an extensive excavation of rock, which the plaintiff had made for the defendant.

The parties had verbally agreed upon the price, but differed in their recollection of the terms—the plaintiff claiming that they had agreed at 84 cents per yard, and the defendant that their agreement was for 78 cents, at which rate he paid the plaintiff. After an angry dispute between them, the plaintiff

---

* It is worthy of notice that a different rule has been laid down for an agreement to pay on a certain contingency, provided that its happening should be proved by a certificate of a third person ; in which case it would seem that the certificate is not conclusive ; and if it were, it would be competent to show that it was fraudulently false. (Morris Canal & Banking Co. *a.* Nathan, 2 *Hall,* 239 ; but compare Martin *a.* Leggett, 4 *E. D. Smith,* 255 ; and see Adams *a.* Mayor, &c., of N. Y., 4 *Duer,* 295 ; Smith *a.* Brady, 17 *N. Y.,* 173.)

As to the effect of a provision in a contract for work, requiring it to be done to the satisfaction of a third party, see, also, Butler *a.* Tucker (24 *Wend.,* 447) ; Sherman *a.* Mayor, &c., of N. Y. (1 *N. Y.,* 316 ); Smith *a.* Briggs (3 *Den.,* 73 ); Bloodgood *a.* Ingoldsby (1 *Hill,* 388); and compare Wellerwulgh *a.* Knickerbocker Building Association (2 *Bosw.,* 381).

told the defendant that he " would be satisfied" if he (the defendant) would swear that they agreed at 78 cents. The defendant made a positive affidavit to that effect, which he showed to the plaintiff, a few days afterwards. The plaintiff desired to have possession of this affidavit, but the defendant refused to give it up, unless the plaintiff would give him a receipt in full, which the latter would not do.

The justice before whom the action was tried, gave judgment in favor of the plaintiff for the full amount claimed, and the defendant appealed.

*Thomas G. Shearman*, for the appellant.—I. The affidavit of the defendant was a complete defence to this action. Whether true or not, it was the test which the plaintiff chose to apply, and it is a sufficient consideration for his promise to be satisfied. (Hurd *a.* Pendrigh, 2 *Hill*, 502; Brooks *a.* Ball, 18 *Johns.*, 337; Stevens *a.* Thacker, *Peake N. P.*, 187; Lloyd *a.* Willan, 1 *Esp. N. P.*, 178.)

II. The plaintiff did not stipulate for the delivery of the affidavit to him. It was enough, therefore, that it was made, and the knowledge thereof communicated to him.

*Daniel B. Taylor*, for the respondent, contended that the plaintiff only meant that he would be satisfied that the defendant was a bad man, if he made the affidavit; that it was a mere hasty expression, by which he ought not to be bound; that the affidavit should have been made and tendered on the spot, and was unavailing by reason of the delay in producing it, and of the defendant's refusal to deliver it the plaintiff.

The Court* held that the words " would be satisfied," meant that the respondent would accept the affidavit in satisfaction of the debt; that the appellant was not bound to surrender the affidavit; and that it was a bar to the action.

Judgment reversed.

---

* Present, DALY, F. J., BRADY and HILTON, JJ.